IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LERAJJAREANRA-O-KEL-LY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL JOHNSON; THOMAS ) <br> BEAUCLAIR; BRENT REINKE; ) <br> PAM SONNEN; ROD SCHLIENZ; ) <br> JAY CHRISTENSEN; JOHN ) <br> HARDISON; LOY MEGHLING; ) <br> KEVIN KEMPF; KIMBERLEY ) <br> JONES; TODD MARTIN; KEITH ) <br> YORDY; VERNON GREENLAND; ) <br> JOHANNA SMITH; JEFF EASTMAN; ) <br> SHIRLEY ROANE; STEVEN ) <br> TAYLOR; BRENT TELEKY; DAVID ) <br> SARGENT; and JOHN and JANE ) <br> DOES 1-10; ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV09-142-S-BLW <br><br> **INITIAL REVIEW ORDER** |

Pending before the Court is the review of Plaintiff's Complaint to determine whether it is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff also filed an Application to Proceed in Forma Pauperis (Docket No. 1).

Having carefully reviewed the record, the Court has determined that Plaintiff's Complaint fails to state a claim for relief and contains claims that are frivolous. The Court will dismiss the Complaint, and Plaintiff will be issued a strike under 28 U.S.C. § 1915(g).

**INITIAL REVIEW ORDER  1**

# REVIEW OF COMPLAINT

## A. Background

Plaintiff is in the custody of the Idaho Department of Corrections (IDOC) and is currently incarcerated at the Idaho Maximum Security Institution (IMSI). Plaintiff brings a number of claims under 42 U.S.C. § 1983. Plaintiff seeks monetary, declarative, and injunctive relief.

## B. Standard of Law

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 and 1915A. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## C. Property Restrictions in Administrative Segregation

Plaintiff alleges that inmates housed in administrative segregation are not allowed to possess certain types of property and that when he was transferred to administrative segregation, some of his property was confiscated. The property taken from Plaintiff

**INITIAL REVIEW ORDER  2**

included 3 hangers, 1 sewing kit, 1 mirror, 4 pens, 1 padlock, 1 muscle builder, 5 paper clips, 2 colored pencils, 2 pencil sharpeners, 1 small yellow tablet, and 1 pair of socks. Additionally, administrative segregation inmates are not allowed to possess hobby craft boxes, alarm clocks, pillows or pillowcases, rugs, calculators, board games, toothbrush holders, or hygiene bags to carry hygiene items to the shower. Plaintiff's grievances with respect to these regulations were denied because these items pose a security risk. It appears Plaintiff is making either a Fourth Amendment or an Eighth Amendment claim that he has a right to keep these items of property while in administrative segregation.

Plaintiff does not state a cognizable Fourth Amendment claim. A state prisoner has no reasonable expectation of privacy in his prison cell entitling him to protection of the Fourth Amendment against unreasonable searches and seizures. *Hudson v. Palmer*, 468 U.S. 517, 526 (1983); *Nakao v. Rushen*, 766 F.2d 410, 412 (9th Cir. 1985). Therefore, Plaintiff has no Fourth Amendment right to keep any particular property in his cell.

Moreover, any Eighth Amendment claim of cruel and unusual punishment must allege that the Plaintiff is incarcerated "under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation omitted). A plaintiff must also show that Defendants were deliberately indifferent to plaintiff's needs. Deliberate indifference exists when an official knows of and disregards an unconstitutional condition or when the official is aware of facts from which the inference

**INITIAL REVIEW ORDER  3**

could be drawn that a risk of harm or violation exists, and actually draws the inference. *Farmer v. Brennan,* 511 U.S. at 837.

Prison officials have a right to confiscate certain types of prisoner personal property, such as: (1) items which are contrary to reasonable prison rules and regulations; (2) items which may compromise the security of inmates, officers or the public; and (3) items which may threaten other legitimate penological interests. *See, e.g., Harper v. Wallingford*, 877 F.2d 728, 733 (9th Cir. 1989); *Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999).

None of the property identified by Plaintiff as being denied or confiscated rises to the level of the minimal civilized measure of life's necessities. Therefore, Plaintiff may not proceed on his claims regarding the administrative segregation property regulations.

**D.     Prison Regulations and Equal Protection**

Plaintiff makes several claims that certain prison regulations are discriminatory. These claims fall under the Equal Protection Clause of the Fourteenth Amendment.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny when they involve a "suspect" or "quasi-suspect"

**INITIAL REVIEW ORDER  4**

class, such as race, national origin, or sex, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 440 (1985). Otherwise, equal protection claims are subject to a rational basis inquiry. *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993). Absent evidence of invidious discrimination, the federal courts should defer to the judgment of the prison officials. *More v. Farrier*, 984 F.2d 269, 272 (9th Cir. 1993).

"[A] prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261(1987). Legitimate penological interests include "security, order, and rehabilitation." *Procunier v. Martinez,* 416 U.S. 396, 413, 94 S. Ct. 1800, 1811, 40 L. Ed.2d 224 (1974).

In *Ward v. Walsh,* 1 F.3d 873 (9th Cir.1993), the Ninth Circuit held that the test set forth in *Turner v. Safely* applies to all constitutional claims arising in prison, with the exception of Eighth Amendment claims. *Id*. at 877. Therefore, even if the IDOC regulations affect a constitutional right, those regulations will be upheld if they are reasonably related to legitimate penological interests.

    1.    <u>Minimum Restricted Custody; Typewriters</u>

Plaintiff alleges that the IDOC has a level of custody called Minimum Restricted Custody for males, but not for females. Plaintiff also alleges that males in protective custody and administrative segregation are not allowed to have typewriters, while females in protective custody are. However, in these instances Plaintiff is not similarly situated

**INITIAL REVIEW ORDER  5**

with the females in protective custody because they are housed in different facilities with different housing and custody levels.  Plaintiff is in administrative segregation, not protective custody; he has no standing to challenge the protected custody regulations.  Additionally, Plaintiff's Complaint reveals that typewriters are not allowed in administrative segregation anywhere.  Complaint (Docket No. 3) at 30.  This does not amount to a Fourteenth Amendment violation.  Finally, Plaintiff has not stated an Eighth Amendment claim because there is no constitutional right to the use of a typewriter.  *Lindquist v. Idaho State Board of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).

    2.    <u>Meals on Weekends</u>

Plaintiff alleges that inmates at IMSI are served 2 meals per day on the weekends, while inmates incarcerated in county jails, community work centers, and some other IDOC facilities are served 3 meals per day on the weekends.  This equal protection claim fails because inmates incarcerated at *other* facilities are not similarly situated to inmates incarcerated at IMSI.  Plaintiff has not alleged that the 2 meals per day results in inadequate nutrition or any other problems.  Therefore, this claim is subject to dismissal.

Plaintiff's allegations also fail to state an Eighth Amendment claim.  "Prison officials must provide all prisoners with the basic necessities of life, *i.e.*, food, clothing, shelter, sanitation, medical care and person safety."  *Jones v. Vasquez*, 1999 WL 155692, *5 (N.D. Cal. 1999) (citing *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain

**INITIAL REVIEW ORDER  6**

health." *Jones*, 1999 WL 155692 at *6. In determining whether a deprivation of food is *de minimis*, "it is appropriate to evaluate both its severity and its duration." *Id.* (deprivation of three to five breakfast meals over a month long period is *de minimis*). The deprivation of one meal per day on the weekends is *de minimis* and does not rise to the level of a constitutional violation.

    3.    Pencils

Plaintiff alleges that inmates held in disciplinary segregation are allowed to possess pencils, while inmates held in administrative segregation are not. Plaintiff does not assert that he suffered any injury as a result of his being unable to have a pencil. Plaintiff may not proceed on this claim.

**E.**    **Purchasing Peanut Butter**

Plaintiff also alleges that his constitutional rights have been violated because inmates in administrative segregation are not allowed to purchase peanut butter from the commissary. This claim is frivolous and will be dismissed. There is no constitutional right to peanut butter.

**F.**    **Restrictions on Filing Grievances**

Plaintiff challenges certain prison regulations restricting inmates to having only three grievances pending at one time and requiring inmates to submit grievances within 15 days. However, "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988); *see Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, (1995) (noting that

**INITIAL REVIEW ORDER  7**

liberty interests are generally limited to freedom from restraint). Further, there is no allegation that Plaintiff was denied access to the grievance system itself. Therefore, Plaintiff may not proceed on this claim.

**G.     Deprivation of Property - Scriptural Writings**

Plaintiff alleges that on April 15, 2006, while he was in administrative segregation, he requested a file folder of religious writings. This request was denied on April 18, 2006.

The statute of limitation is a proper basis for *sua sponte* dismissal under § 1915(d). *See Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Inasmuch as the civil rights statute provides a remedy but does not itself confer any substantive rights, the statute of limitation period for filing a civil rights suit is the statute of limitation period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Idaho, the statute of limitation period for personal injury actions is two years. *See* I.C. § 5-219(4). The two-year statute of limitation for civil rights claims accrues once the plaintiff knows or has reason to know of the injury that provided the basis for the claim. *See Fink v. Shedler*, 192 F.3d 911, 913 (9th Cir. 1999); *Samuel v. Michaud,* 980 F. Supp. 1381, 1410 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997).

Here, the claim of deprivation of scriptural writings arose in April of 2006, more than two years prior to the filing of the Complaint. Therefore, the statute of limitation has run, and Plaintiff may not proceed on this claim.

**INITIAL REVIEW ORDER  8**

### H.    Disciplinary Regulations

Plaintiff alleges that a number of disciplinary regulations are unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment.  "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  The doctrine applies to prison regulations as well as penal statutes.  *See Barhampour v. Lampert*, 356 F.3d 969, 974-75 (9th Cir. 2004) (considering and rejecting claim that prison regulation was unconstitutionally vague).

The first regulation challenged by Plaintiff prohibits "manipulating or attempting to manipulate staff in violation of policy, directives, municipal, state, or federal law." Complaint (Docket No. 3) at 45.  Although the details are not entirely clear from Plaintiff's Complaint, it appears that Plaintiff had one correctional officer sign for receipt of something that another correctional officer had actually received.  Plaintiff states that he was charged with violating this regulation on February 10, 2006.  This occurred more than two years prior to the filing of Plaintiff's Complaint.  Therefore, the statute of limitation has already run.

The second regulation challenged by Plaintiff prohibits "battery."  Plaintiff was apparently cited as violating this regulation when he shoved another person.  Plaintiff argues that this regulation is unconstitutionally vague because the definition of "battery" does not include the word "shoving."  This claim is also barred by the statute of limitation

**INITIAL REVIEW ORDER  9**

because Plaintiff was charged with violating this regulation on April 17, 2006, more than two years prior to the filing of the Complaint.

Finally, Plaintiff was also apparently cited for "inappropriate physical contact" for hugging another person. It is unclear from the Complaint when this claim arose. Plaintiff argues that the term "inappropriate physical contact" does not give fair notice that hugging is prohibited. The Court disagrees. Hugging is clearly physical contact, and within the prison context, it can be reasonably said to be inappropriate. Therefore, Plaintiff may not proceed on any of his vagueness claims.

I.   **Access to Courts and Legal Paper**

Plaintiff challenges the prison regulation that indigent inmates are allowed only 25 pieces of legal paper per week. Plaintiff brings his claim as an access to courts claim. Inmates have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977). In order to demonstrate that he has a viable access to courts claim, Plaintiff must show that he suffered an actual injury as a result of the alleged denial of access. *Lewis v. Casey*, 518 U.S. 343 (1996). Actual injury may be manifest if the denial "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirements" caused by the denial, or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied [by the denial] that he was unable even to file a complaint. *Id.* at 351. The *Lewis* Court noted that the right to access courts claims covered by the *Bounds* line of cases covers only a limited type of cases: direct appeals from convictions for which the

**INITIAL REVIEW ORDER  10**

inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Id*. at 354. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.

Plaintiff has alleged only that the current amount of legal paper given to indigent inmates is inadequate. He has not alleged that the amount of paper prohibited him from filing an appeal, a habeas petition, or a civil rights action. Twenty-five sheets of legal paper per week appears more than sufficient for an inmate's legal needs. In fact, Plaintiff has filed numerous lengthy complaints in this Court, showing that the amount of legal paper is adequate. Therefore, Plaintiff may not proceed on his access to courts claim.

**J.     Failure to Repair or Replace Damaged Property**

Plaintiff alleges that his headphone cord was damaged and that IDOC reimbursed him for the damage. However, Plaintiff states that he should be allowed to have his headphone cord repaired or replaced instead of merely being reimbursed.

Generally, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989), *cert. denied*, 493 U.S. 868 (1989). Idaho has adopted the Idaho Tort Claims Act, I.C. § 6-901, *et seq*., to provide a remedy for citizens injured by the tortious acts of

**INITIAL REVIEW ORDER  11**

governmental entities, officials and employees.  As the Idaho Tort Claims Act provides a method whereby Plaintiff can obtain redress for his personal property damage, his claims are not of a constitutional magnitude.  Therefore, Plaintiff may not proceed on this claim.

### K. Section 1915(g) Strike

Title 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The Court concludes that Plaintiff's Complaint meets the standard for a strike under this section because it includes claims that are frivolous.  The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact."  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted).  Plaintiff's claim that his constitutional rights have been violated because he cannot purchase peanut butter meets this standard.  Plaintiff's Complaint alternatively qualifies for a strike because it fails to state a claim upon which relief can be granted.  *See id.*; *see also* 28 U.S.C. § 1915(g) and Fed. R. Civ. P. 12(b)(6).

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is

**INITIAL REVIEW ORDER  12**

DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

IT IS FURTHER HEREBY ORDERED that Plaintiff Lerajjareanra-O-Kel-Ly is issued a strike under 28 U.S.C. § 1915(g).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (Docket No. 1) is MOOT.



DATED:  **May 28, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  13**